

24

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Brook
County Attorney
Lubbook, Texas

Dear Sir:    Opinion No. O-4206
Re: Constitutionality of
House Bill 618,
Forty-seventh Legis-
lature.

   In your letter of November 3, 1941, you
request our opinion as to the constitutionality
of House Bill 618, 47th. Legislature, reading as
follows:

> "Upon receipt of a petition signed by
> twenty-five (25) per cent of the qualified
> voters in any Independent School District
> in counties having a population of no less
> than nineteen thousand, two hundred and twenty
> (19,220) and no more than nineteen thousand,
> two hundred and forty (19,240), and in
> counties having a population of no less than
> fifty-one thousand, three hundred and twenty-
> five (51,325) and no more than fifty-four
> thousand and two hundred (54,200), according
> to the last Federal Census, the Board of
> Trustees of such Independent School District
> shall provide for the election of a Tax
> Assessor and Collector to be held at the
> next regular election of Trustees of such
> Independent School Districts, and provided that
> such petition must be filed with the Board of
> Trustees at least sixty (60) days before the
> date of such election. The term of office of
> an elected Tax Assessor and Collector shall
> be for two (2) years from the date of election.
> It is also provided that the Board of Trustees
> shall appoint a Tax Assessor and Collector upon
> receipt of a petition signed by twenty-five

GENERAL
ATTORNEY

(25) per cent of the qualified voters in such Independent School District, but provided that if petitions requesting both election and appointment are filed at the same time, the petition which is signed by the largest number of qualified voters shall prevail, and the Board of Trustees shall follow the mode of selection of a Tax Assessor and Collector requested by such petition."

Article 3, Sec. 56, State Constitution, forbids the passage of any local or special law "regulating the affairs of . . . school districts; . . . creating offices in . . . school districts." Holding certain bracket legislation invalid in Miller v. El Paso County, 150 S. W. (2) 1000, the Supreme Court said:

"Notwithstanding the above constitutional provision, the courts recognize in the Legislature a rather broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or, in fact, affect only the inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may come within the classification designated in the Act, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation. In other words, there must be a substantial reason for the classification. It must not be a mere arbitrary device resorted to for the purpose of giving what is, in fact, a local law the appearance of a general law."

Does the Act in question meet the test laid down in the Miller v. El Paso Case? (See also Bexar

County v. Tynan, 97 S. W. (2) 467, 128 Tex. 223).

Note the respective populations of the following counties, according to the 1940 census: Atascosa, 19,275; Comanche, 19,245; Hutchinson, 19,069; Karnes, 19,248; Titus, 19,228; Walker, 19,868; Wise, 19,074; Young, 19,004; Harrison, 50,900; Lamar, 50,425; Lubbock, 51,782; Rusk, 51,023; Bowie, 50,208.

The brackets in question quite neatly picked out Titus and Lubbock Counties from all the rest. The Act, if valid, would apply to those two counties alone. We are unable to find any reason whatsoever for the so-called classification. Using Chief Justice Alexander's words in Miller v. El Paso County, supra, "whatever difference there is in population does not appear to be material to the objects sought to be accomplished" by the proposed legislation.

It is our opinion that said House Bill 618 contravenes Article 3, Sec. 56, of the State Constitution, and is therefore void.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

APPROVED NOV 12, 1941

ATTORNEY GENERAL

GRL:BT



APPROVED OPINION COMMITTEE BY BWB CHAIRMAN